2020 IL App (2d) 170040-U
No. 2-17-0040
Order filed June 8, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MONA MUSTAFA, | ) | Appeal from the Illinois Human |
| | ) | Rights Commission. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 12-ALS-574 |
| | ) | |
| THE ILLINOIS HUMAN RIGHTS | ) | |
| COMMISSION, CHAIR ROSE MARY | ) | |
| BOMBELA-TOBIAS, COMMISSIONERS | ) | |
| LAUREN BETH GASH, DUKE ALDEN, | ) | |
| HERMENE HARTMAN, MICHAEL | ) | |
| BIGGER, STEVE KIM, ROBERT A. | ) | |
| CANTONE, AMY KURSON, HAMILTON | ) | |
| CHANG, DIANE M. VIVERITO, TERRY | ) | |
| COSGROVE, PARTICIA BAKALIS | ) | |
| YADGIR, and NABI R. FAKRODDIN, | ) | |
| ILLINOIS HUMAN RIGHTS COMMISSION | ) | |
| CHIEF LEGAL COUNSEL DONYELLE | ) | |
| GRAY, EXECUTIVE DIRECTOR N. KEITH | ) | |
| CHAMBERS, ASSISTANT LEGAL | ) | |
| COUNSEL EVILIO MORA, | ) | |
| ADMINISTRATIVE LAW SECTION CHIEF | ) | |
| ADMINISTRATIVE LAW JUDGE | ) | |
| MICHAEL J. EVANS, GERTRUDE | ) | |
| McCARTHY, ILLINOIS DEPARTMENT | ) | |
| OF HUMAN RIGHTS, NGOZI | ) | |
| OKORAFOR, ROCCO CLAPS, CAROL | ) | |
| CERA, LON MELTESON, CARMEN DIAZ, | ) | |
| NSI INTERNATIONAL, INC., FRANK | ) | |
| LANDI, FARRA CHAN, SANFORD | ) | |
| FRANK, JAMIE S. FELSEN, JOSEPH M. | ) | |

LABUDA, and MILMAN LABUDA LAW )
GROUP, PLLC, )
)
     Respondents-Appellees. )

_____

     JUSTICE SCHOSTOK delivered the judgment of the court.
     Justices McLaren and Bridges concurred in the judgment.

## ORDER

¶ 1    *Held*:  Grant of permission to appear *pro hac vice* was not an abuse of discretion, and
            Illinois Human Rights Commission properly denied request for rehearing *en banc*.

¶ 2    Petitioner Mona Mustafa appeals *pro se* from the dismissal of her retaliation complaint by the Illinois Human Rights Commission. We affirm the dismissal.

¶ 3                          I. BACKGROUND

¶ 4    Mustafa filed a charge with the Illinois Department of Human Rights (Department) in 2010, alleging that her former employer, NSI International, Inc., retaliated against her for opposing discrimination. After investigation, the Department dismissed the charge for lack of substantial evidence. Mustafa sought review of the dismissal by the Commission.

¶ 5    While that review was pending before the Commission, NSI sued Mustafa in New York (New York case). In July 2011, Mustafa and NSI settled the New York case. Pursuant to the settlement agreement, Mustafa was to receive $60,000 and a neutral employment reference, and Mustafa agreed to withdraw her claims (specifically including the Illinois charge at issue here) and not to "directly or indirectly commence, continue, assist, or participate in any lawsuit, charge, claim or proceedings, in any forum (including but not limited to any court or agency), against NSI."

¶ 6    NSI paid Mustafa the $60,000. However, Mustafa did not withdraw her appeal that was pending before the Commission. Unaware of the settlement, in August 2012 the Commission

vacated the Department's dismissal of Mustafa's charge and remanded it to the Department for a finding of substantial evidence. Thereafter, the Department notified Mustafa of the Commission's decision and asked her to notify it if she wished it to file a complaint with the Commission on her behalf. Mustafa asked the Department to file the complaint, and it did so. The Commission set the public hearing on the complaint for December 2012.

¶ 7 Shortly after the complaint (Illinois complaint) was filed, respondents Jamie Felsen and Joseph Labuda, attorneys for NSI who were licensed to practice law in New York, filed a motion asking the Commission to admit them *pro hac vice* for the Commission proceedings. They also asked for more time to respond to the complaint because of certain actions taking place in the New York case. (The court in that case had asked Mustafa to provide a letter stating whether she intended to withdraw the Illinois complaint pursuant to the terms of the settlement.) NSI's response to the complaint was initially due November 1, 2012. Mustafa did not provide any letter to the New York court by then. On November 2, NSI filed a motion to dismiss the Illinois complaint on the grounds that Mustafa was contractually barred from commencing the action under the settlement.

¶ 8 Mustafa objected to the request for *pro hac vice* admission. She also moved to default NSI, asserting that it had not filed any response to the complaint by the November 1 deadline. NSI responded that it had good cause for the one-day delay because (1) it was waiting until after the deadline for Mustafa to respond in the New York case, and (2) Felsen and Labuda were unable to file the response earlier because of power outages due to Hurricane Sandy. The Commission administrative law judge (ALJ) assigned to the case issued an order converting the December hearing date to a status and ordering the parties to appear.

¶ 9     At the December status date, the ALJ granted the motion for *pro hac vice* admission and NSI's motion for an extension of time.  She denied Mustafa's motion for default and granted her time to respond to NSI's motion to dismiss.  Mustafa filed a response arguing (1) that the ALJ lacked jurisdiction to adjudicate the breach of contract claim, and (2) that she did not violate the terms of the settlement because the Department's substantial-evidence letter gave her only two options, to ask the Department to file a claim on her behalf or to file a lawsuit herself.  NSI filed a reply countering Mustafa's arguments.  NSI also sought attorney fees and costs as a sanction against Mustafa, on the basis that the complaint was groundless in light of the settlement.

¶ 10     The ALJ issued a written recommendation that the complaint be dismissed because it was barred by the settlement in the New York case.  She also recommended that NSI be awarded fees and costs, finding that Mustafa's "inappropriate pursuit of th[e] matter before the Commission \*\*\* caused unnecessary costs to NSI."  After further proceedings, the ALJ awarded NSI $15,780 in fees and costs.  The Commission issued an order adopting the ALJ's recommendations and declining further review.  Mustafa asked the Commission to rehear the matter *en banc*, but the Commission denied the petition.

¶ 11                                II. ANALYSIS

¶ 12     In January 2017, Mustafa (acting *pro se*) filed the present petition for review of the Commission's decision, pursuant to Illinois Supreme Court Rule 335 (Ill. S. Ct. R. 335 (eff. Jan. 1, 2016)) and section 8-111(B)(1) of the Illinois Human Rights Act (775 ILCS 5/8-111(B)(1) (West 2014)).[1]

---

[1] The appeal was stayed for a period when Mustafa filed a bankruptcy petition.

¶ 13    It is important here to note the limits of Mustafa's petition. Mustafa does not challenge the correctness of the Commission's decision to dismiss her complaint pursuant to the settlement entered in the New York case. Her decision to forgo such an argument was wise. When the parties to a settlement have not presented it to the Commission for approval, the Commission cannot enforce its terms. Rather, the parties must file suit separately to adjudicate any claimed breach of the settlement agreement. *In re Watkins v. State of Illinois Department of Corrections*, 1990CF1303, at *4 (June 2, 1999).[2] However, the Commission may take note of the fact that a settlement exists even where the settlement was not presented to it for approval. *Id*. at *3. When a settlement of the underlying complaint exists, the Commission will dismiss the complaint. "It is the fact of the agreement, not approval of the agreement *** which prevents the prosecution of the *** claim." *Id*.; see also *In re Warren v. Fleming-Potter Co., Inc.*, 1995SF0776, at *2 (the Commission "lacks jurisdiction to enforce settlement agreements entered into between the parties, but may dismiss a case upon the clear existence of a settlement agreement"). Mustafa does not dispute that, in the settlement agreement, she agreed to withdraw her charge and not to pursue it further in any forum. The Commission did not err in dismissing her complaint on the basis that it was barred by the settlement.

---

[2] Courts may rely upon and defer to previous decisions of an administrative agency unless they are clearly wrong. *Macomb Education Ass'n, IEA-NEA v. Illinois Educational Labor Relations Board*, 265 Ill. App. 3d 194, 201 (1994); see also *Kronon Motor Sales, Inc. v. Illinois Pollution Control Board*, 241 Ill. App. 3d 766, 770 (1992) (relying upon an administrative decision in the absence of case law, where the decision was not unreasonable or erroneous).

¶ 14    Instead, Mustafa argues that the Commission's decision was a "nullity" because the ALJ improperly admitted Felsen and Labuda *pro hac vice*, so they were not permitted to practice law in Illinois and any decision in proceedings in which they participated must be set aside.  Mustafa concedes that, under the Commission's regulations, attorneys may appear before the Commission *pro hac vice* in the same manner as they may appear before a court under Illinois Supreme Court Rule 707.  56 Ill. Admin. Code § 5300.560.  At the time of the proceedings here, Rule 707 provided that an attorney admitted in another jurisdiction "may in the discretion of any court of this State be permitted to participate *** in the trial or argument of any particular cause in which *** he or she is employed."

¶ 15    Given this broad discretion over *pro hac vice* admissions, we will reverse only if the tribunal's decision was an abuse of that discretion.  A tribunal abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable, or no reasonable person would take the view adopted by the tribunal, or when its ruling rests on an error of law.  *People v. Olsen*, 2015 IL App (2d) 140267, ¶ 11.  Mustafa argues that the ALJ abused her discretion in granting the motion for *pro hac vice* admission because the ALJ did not require proof of prior compliance with Rule 707.

¶ 16    To the extent that we can discern her argument,[3] Mustafa appears to be arguing that Felsen and Labuda were required to successfully apply to an Illinois court for *pro hac vice* admission before the ALJ could grant their request.  This argument misunderstands section 5300.560:  by providing that attorneys may be granted leave to practice *pro hac vice* before the Commission "in

---

[3] Many of Mustafa's arguments are disjointed and do not contain coherent legal argument. To the extent that we can discern her arguments, we have addressed them herein.  We find any remaining arguments forfeited.  Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013).

the same manner and circumstances" as under Rule 707, the regulation simply permits an ALJ to grant such status on the same terms, and applying the same standards, as apply to a request for *pro hac vice* admission before a court. Section 5300.560 does not require that the attorneys must first apply to the courts for *pro hac vice* admission.

¶ 17 Mustafa also argues that Felsen and Labuda have violated section 12 of the Attorney Act (705 ILCS 205/12 (West 2016)). The Attorney Act applies to attorneys seeking ongoing admission to the Illinois bar, not the temporary permission to appear in a single proceeding that is granted by *pro hac vice* admission. Thus, the Attorney Act did not apply to Felsen's and Labuda's request to appear *pro hac vice* before the Commission. Rather, such *pro hac vice* admission was governed by section 5300.560 and Rule 707. Mustafa has not shown that the ALJ abused her discretion in granting the request to appear *pro hac vice*. This conclusion disposes of Mustafa's argument that the Commission decision was a nullity.

¶ 18 Mustafa also argues that the Commission should have granted her request for a rehearing *en banc*. Such requests "shall be viewed with disfavor" and may be granted "only upon a clear demonstration [1] that a matter raises legal issues of significant impact or [2] that Commission decisions are in conflict." 775 ILCS 5/8A-103(F)(2) (West 2016). Mustafa's request for rehearing *en banc* did not argue that either of these requirements was present. Instead, her request simply repeated her earlier arguments that NSI's motion to dismiss was untimely and that Felsen and Labuda were not properly admitted. The Commission did not err in denying her request for rehearing *en banc*.

¶ 19 Mustafa's final argument on appeal is that her constitutional rights to equal protection and due process were violated. However, Mustafa's opening brief is devoid of details as to how exactly this occurred. In her reply brief, she voices a host of complaints about the proceedings, but does

not explain how any of them rise to the level of a constitutional violation and does not cite any case law supporting such a conclusion. Accordingly, we find this argument forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016); *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56. We likewise find Mustafa's unsupported claim that the Commission engaged in "spoliation" of the record forfeited.

¶ 20    Mustafa filed a motion asking this court to "take notice" that Felsen and Labuda engaged in the unauthorized practice of law by writing us to explain that they had not filed an appearance in the appeal because the appeal was properly directed only against the Commission. Mustafa also asked that we sanction Felsen and Labuda for this letter. Her motion was taken with the case. We now deny it.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons stated, the judgment of the Illinois Human Rights Commission dismissing the complaint is affirmed. Further, Mustafa's motion to take notice and for sanctions is denied.

¶ 23    Affirmed.